JOHN DOE, EX. DEM. HALLETT & WALKER, EXECUTORS OF JOSHUA KENNEDY, DECEASED, PLAINTIFFS IN ERROR, v. ALFRED R. BEEBE, GEORGE W. HILLIARD, ALEXANDER M. CARR, CHARLES T. KETCHUM AND JOHN HORSFELDT.

The principles established in the cases of 3 How. 212, and 9 How. 477, again affirmed, viz., that after the admission of Alabama into the Union as a State, Congress could make no grant of land situated between high and low water marks.

THIS case was brought up from the Supreme Court of Alabama by a writ of error issued under the 25th section of the Judiciary Act.

The plaintiff in error brought an ejectment in the Circuit Court of Mobile county, under the circumstances stated in the opinion of the court. The judgment of that court was against them, and they then appealed to the Supreme Court of Alabama, where the judgment was affirmed. They then brought the case up to this court.

It was argued by *Mr. Campbell*, for the plaintiffs in error.

Mr. Chief Justice TANEY delivered the opinion of the court.

This is an action of ejectment; and the plaintiffs in error claim title to the premises under a contract of sale made by Morales, the Spanish Intendant at Pensacola, with a certain William McVoy, for twenty arpents of land on the west side of the River Mobile, bounding on the river; which contract was afterwards confirmed by an act of Congress.

The contract with McVoy was made in 1806. He subsequently assigned his interest to William J. Kennedy and Joshua Ken-

nedy, and the latter became the sole owner by an assignment from the former. An act of Congress was passed in 1832, confirming the title of Joshua Kennedy upon two conditions: 1st. That the confirmation should amount to nothing more than the relinquishment of the right of the United States at that time in the land; and, 2dly, That the lands before that time sold by the United States, should not be comprehended within the act of confirmation. And in 1837, a patent was issued to Joshua Kennedy, reciting in full this act of Congress under which it was granted.

It is admitted in the record, that the land in question was below high-water mark when the United States sold the land on which Fort Charlotte stood, in the town of Mobile. These lands were divided into lots and sold in 1820 and 1821, and patents were issued to the purchasers in the year last mentioned. The defendants made title to three of these lots, which bounded on the river, and it was admitted that at the time of the sale high water extended over their eastern limits; and that the land now in controversy was reclaimed from the water and filled up by those under whom the defendants claimed.

The question, therefore, to be decided in this case is, whether the title obtained under McVoy's contract, confirmed by the act of Congress in 1832; or the title obtained under the sale of the lots in 1820 and 1821, is the superior and better title.

The principles of law on which this question depends, have already been decided in this court in Pollard v. Hagan, 3 How. 212, and in Goodtitle v. Kibbe, 9 How. 477, 478. And, according to the decisions in these two cases, the title under the sale of the lots is the superior one.

The judgment of the Supreme Court of the State of Alabama must, therefore, be affirmed.

### Order.

This cause came on to be heard on the transcript of the record, from the Supreme Court of the State of Alabama, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged, by this court, that the judgment of the said Supreme Court in this cause be, and the same is hereby affirmed with costs.